56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Azadeh KHAJEHEIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70947.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1995.*
Decided May 4, 1995.
 
 Before: GIBSON,** HUG and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Azadeh Khajeheian appeals the Board of Immigration Appeals' final order of deportation. Ms. Khajeheian contends that the BIA erred in denying her asylum and withholding of deportation based on her claim of a well-founded fear of persecution on account of her religion, her political opinion, and her membership in a particular social group. We affirm.[1]
 
 
 3
 Ms. Khajeheian contends that the BIA erred in concluding that she was not credible. Not only does Ms. Khajeheian admit to misrepresenting her employment history, but the record demonstrates that substantial evidence supports the BIA's determination that Ms. Khajeheian was not a credible witness. 8 U.S.C. Sec. 1105a(a)(4); Hartooni v. INS, 21 F.3d 336, 340 (9th Cir. 1994). The BIA did not err in its finding.
 
 
 4
 Ms. Khajeheian also asserts that the BIA erred in denying her asylum and withholding of deportation. Ms. Khajeheian is precluded from raising her claims of persecution based on religion and membership in a particular social group in this appeal, as she failed to exhaust her administrative remedies with respect to these assertions. Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir. 1987).
 
 
 5
 Ms. Khajeheian's claim to asylum based on persecution on account of political opinion also fails. Reversing the BIA's asylum decision is warranted only where the "evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992). Ms. Khajeheian bases her claim to asylum on the Iranian government's refusal to allow her to pursue a graduate degree abroad and on verbal harassment she suffered at the hands of fellow students at Tehran University. Ms. Khajeheian failed to provide "credible, direct, and specific evidence" supporting her claim. 8 U.S.C. Sec. 1105a(a)(4); Hartooni, 21 F.3d at 340. Even if Ms. Khajeheian's testimony had been found credible, her testimony would not suffice to establish a reasonable fear of persecution. Estrada-Posadas v. INS, 924 F.2d 916, 919-920 (9th Cir. 1991). The record supports that a reasonable factfinder could conclude that Ms. Khajeheian does not have a "well-founded" fear of persecution and she therefore does not face a clear probability of persecution if returned to Iran. The BIA did not err in finding that Ms. Khajeheian was ineligible for asylum and withholding of deportation.
 
 
 6
 In order to afford Ms. Khajeheian the opportunity to seek a stay of deportation from the BIA pending resolution of her motion to reopen, we stay our mandate for 60 days. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir. 1992). AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 Honorable Floyd R. Gibson, United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The panel dismisses petitioner's motion to stay these proceedings pending resolution of the motion to reopen. We have jurisdiction to review the BIA's final order of deportation as a final appealable order in accord with 8 U.S.C. Sec. 1105a; Berroteran-Melendez v. INS, 955 F.2d 1251, 1254-55 (9th Cir. 1992)
 Petitioner's renewed motion to hold these proceedings in abeyance is dismissed as moot in light of our above dismissal.